

**IT IS ORDERED as set forth below:**

**Date: September 19, 2019**

_____
**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 15-56035-SMS |
| | ) |
| NAOMI D. NARHMARTEY, | ) CHAPTER 13 |
| | ) |
| Debtor. | ) |
| | ) |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES III TRUST, | ) CONTESTED MATTER |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| NAOMI D. NARHMARTEY, and MARY IDA TOWNSON, Trustee, | ) |
| | ) |
| Respondents. | ) |

**CONSENT ORDER**

U.S. Bank Trust National Association, as Trustee of the Bungalow Series III Trust, c/o SN Servicing Corporation, its servicing agent ("Movant"), filed a Motion for Relief from Stay on August 24, 2019 (Doc. No. 76) ("Motion"), and the hearing on the

Motion was scheduled for September 17, 2019 at 2:00 p.m. Movant and Debtor have consented to the terms herein, there is not any opposition from the Chapter 13 Trustee, and good cause has been shown. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1.

Debtor acknowledges being delinquent on the post-petition payments as set forth under the terms and conditions of the subject loan documents attached to the Motion and incorporated herein by reference ("Loan Documents"). The post-petition arrearage is in the amount of $7,133.58 and consists of the July 2019 through and including September 2019 post-petition payments in the amount of $2,438.07 each, $178.66 late charges, and $850.00 attorney's fees and $181.00 costs incurred by Movant in bringing the Motion, minus $1,390.29 in suspense.

2.

All payments made pursuant to this Consent Order shall have the correct loan number xx2768 written thereon and shall be remitted directly to Movant, c/o SN Servicing Corporation, P.O. Box 660820, Dallas, TX 75266-0820. Debtor shall cure the post-petition arrearage by remitting $594.47 on or before the fifteenth day of each month for the period of October 2019 through and including August 2020, and $594.41 on or before September 15, 2020.

3.

Debtor shall make all payments under this Consent Order in strict compliance with the terms herein and shall make the October 2019 through and including September 2019 post-petition regular payments in strict compliance with the terms of the Loan Documents.

4.

In the event of a default on any of the payments set forth in Paragraphs Two or Three above, Movant or Movant's counsel shall give written notice by first class mail to Debtor and Debtor's counsel of Debtor's default and right to cure the default within ten (10) days.  Debtor shall be presumed to have received the written notice on the fifth (5th) calendar day following mailing of said notice provided that said notice was properly addressed and that sufficient postage was affixed thereto.  Movant shall be entitled to attorney's fees of $85.00 per default notice, plus mailing costs.  Upon Debtor's failure to cure the default, Movant or Movant's counsel may file an affidavit of default and a delinquency motion, both to be served upon Debtor, Debtor's counsel, and the Chapter 13 Trustee, and this Court may enter an order modifying the automatic stay without further notice or hearing.  Said order may order that:

a) The Motion is granted;

b) The stay set forth in FBR 4001(a)(3) is hereby waived, and the automatic stay is modified to permit Movant to pursue and enforce under non-bankruptcy law any and all rights it has in and to that certain real property, as more particularly described in the loan documents attached to the Motion and incorporated herein by reference, commonly known as 1875 Chattahoochee Run Drive, Suwanee, GA 30024 ("Real Property"), including, but not limited to, advertising and conducting a foreclosure sale and seeking confirmation thereof in order to pursue any deficiency, and seeking possession of the Real Property.  However, Movant and/or its successors and assigns may offer, provide, and enter into a potential forbearance agreement, loan modification, refinance agreement, short sale, deed in lieu of foreclosure, or any other type of loan workout/loss mitigation agreement. Movant may contact the Debtor via telephone or written correspondence to offer any such agreement; and

c) Upon completion of any foreclosure sale by Movant during the pendency of this case, all proceeds exceeding Movant's lawful debt that would otherwise be payable to the Debtors shall be promptly remitted to the Chapter 13 Trustee.  The Chapter 13 Trustee shall cease funding Movant's pre-petition claim.  Movant is granted leave to seek allowance of a deficiency claim, if appropriate, but Debtor and the Chapter 13 Trustee shall be entitled to object to said deficiency claim.

[END OF DOCUMENT]

PREPARED BY AND CONSENTED TO:
Attorney for Movant

_____/s/_____
Marc E. Ripps
Georgia Bar No. 606515

P.O. Box 923533
Norcross, Georgia 30010-3533
(770) 448-5377
Email:  meratl@aol.com


CONSENTED TO:
Attorney for Debtor

_____/s/_____
R. Jeffrey Field            (By Marc E. Ripps, Esq. with express permission)
Georgia Bar No. 259670

Jeffrey Field & Associates
342 North Clarendon Avenue
Scottdale, GA 30079
(404) 499-2700
Email: contactus@fieldlawoffice.com


NO OPPOSITION:
Chapter 13 Trustee

_____/s/_____
K. Edward Safir            (By Marc E. Ripps, Esq. with express permission)
Georgia Bar No. 622149
Attorney for the Chapter 13 Trustee

Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740
(404) 525-1110
Email:  EdS@atlch13tt.com

## DISTRIBUTION LIST ON CONSENT ORDER

 Pursuant to LR 9013-3(c) NDGa., the Consent Order shall be served upon the following parties in interest:

Marc E. Ripps, Esq.
Attorney for Movant
Via Electronic Notice

Mary Ida Townson, Esq.
Chapter 13 Trustee
Via Electronic Notice

R. Jeffrey Field, Esq.
Attorney for Debtor
Via Electronic Notice

Naomi D. Narhmartey
1875 Chattahoochee Run Drive
Suwanee, GA 30024